# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

CARL JAMIESON, KENNETH LYNCH, )
AARON BORST, SHAWN CALEF, )
MICHELLE GOSELIN CAMPBELL, )
NATHAN COOK, ANGELA DOWNEY, )
RHONDA FOWLER, JAMES HADLEY, )
ANTHONY HAYS, BRYAN HUDSON, )
TIANA KENNEDY, KENNETH MILLER, )
LUIS E. NAVARRO, SHANNON POUND, )
BIBI SANANIKONE, MICHAEL VOTH, )
SCOTT A. WARD, JANE M. WIRSIG )
k/n/a JANE M. WARD, CLIFF ZOLLMAN )
and all other similarly situated former students, )
)
)
Plaintiffs, )
)
v. ) Civil Action No. 06- 1103-WEB
)
VATTEROTT EDUCATIONAL CENTER, INC. )
d/b/a VATTEROTT COLLEGE, )
)
)
Defendant. )

## COMPLAINT – CLASS ACTION

COME NOW, plaintiffs, Carl Jamieson, Kenneth Lynch, Aaron Borst, Shawn Calef, Michelle Goselin Campbell, Nathan Cook, Angela Downey, Rhonda Fowler, James Hadley, Anthony Hays, Bryan Hudson, Tiana Kennedy, Kenneth Miller, Luis E. Navarro, Shannon Pound, Bibi Sananikone, Michael Voth, Scott A. Ward, Jane M. Wirsig k/n/a Jane M. Ward, Cliff Zollman, and all other similarly situated former students, by their counsel, Joseph H. Cassell of Redmond & Nazar, L.L.P. and John W. Johnson of Morris Laing, Evans, Brock & Kennedy, and for their causes of action

against defendant Vatterott Educational Centers, Inc. d/b/a Vatterott College allege and state:

## Jurisdiction and Venue

1. Plaintiffs are residents of the state of Kansas.

2. Defendant, Vatterott Educational Centers, Inc., (hereinafter referred to as "Vatterott"), is a Missouri corporation licensed to do business in the State of Kansas and, in fact, does conduct business in Wichita, Sedgwick County, Kansas, as Vatterott College.

3. Defendant may be served with process through its resident agent, Diana Otis, 3639 N. Comotara, Wichita, Kansas 67226.

4. This court has diversity jurisdiction over the parties to this cause of action, pursuant to 28 U.S.C. 1332(a), and the amount in controversy exceeds $75,000.00.

5. The acts and omissions giving rise to this suit occurred in Wichita, Sedgwick County, Kansas; therefore venue lies in this district, pursuant to 28 U.S.C. 1391(a)(2).

6. No administrative remedies or other prerequisites to filing suit exist which prevent plaintiffs from filing suit at this time.  Suit has been timely filed by plaintiffs within all applicable statutes of limitation.

## Statement of Facts

7. Defendant is an educational institution that provides computer programming, computer aided drafting (CAD), medical office assistant (MOA), electrical mechanic, and heating, ventilation, air-conditioning and refrigeration (HVAC) as courses of study.

8. Plaintiffs and defendant, engaged in consumer transactions whereby defendant was to provide plaintiffs training in a course of study over a 60-week period of time in exchange for a tuition payment of approximately $20,000.00.

9. Throughout the consumer transactions referenced in paragraph 8 above, various written and oral representations were made by defendant regarding the type and quality of education plaintiffs would receive; the faculty, materials and equipment, accreditations, and job placement rates of defendant; and the skills plaintiffs would have upon completion of their respective program.

10. In truth, many of the representations were false. The type and quality of education plaintiffs received from defendant was substantially inferior to that represented by defendant; upon information and belief, some of the faculty members were not qualified to instruct the curriculum as defendant had represented; many of the materials and equipment necessary for completion of the program were either broken or were not even provided by defendant. Placement rates and accreditation were, at least in part, based upon false and fraudulent information prepared and submitted by defendant.

11. Upon completion of the programs, plaintiffs did not have usable skills and were not ready to enter the work force in the areas for which they studied.

Class Action Allegations

12. Plaintiffs and all other similarly situated former students who were enrolled at Vatterott College request that the court certify five sub classes of plaintiffs as set forth below, pursuant to F. R. Civ. P., Rule 23. As former students of defendant, plaintiffs are suitable class representatives who, in protecting their interests so common to the

proposed class, will necessarily protect those individual interests of proposed class members.

13. Plaintiffs anticipate that all classes combined could have over 200 former student members, making joinder impracticable. Plaintiffs will meet the numerousity requirement of Rule 23(a)(1).

14. The questions of law and fact are common to all class members, even though plaintiffs existed in five separate course study programs with defendants. The deficiencies, misrepresentations, deceptions, breaches and fraud are common to all members whether in a particular class. Plaintiffs will meet the commonality requirement of Rule 23(a)(2).

15. The proposed representatives' claims are typical of the claims of all potential members of the five sub classes. Plaintiffs' claims will meet the typicality requirement of Rule 23(a)(3).

16. The proposed representatives and their counsel will fairly and adequately protect the interests of the five classes. Plaintiffs will meet the fairness and adequacy requirements of Rule 23(a)(4).

17. This proposed class action is maintainable under Rule 23(b)(1)(A), as prosecution of separate actions by individual members would create a risk of inconsistent determinations with respect to class members and incompatible standards of conduct for defendant.

18. This proposed class action is maintainable under Rule 23(b)(2), as defendant has failed to act to remedy claims asserted herein, although previously sued

for such claims in <u>Cienmy and Jaeckel v Vatterott Educational Center, Inc. d/b/a Vatterott College</u>, Case No. 04-CV-3531 (Sedgwick District Court).

19. This proposed class action is maintainable under Rule 23(b)(3), as there are questions of law and fact common to plaintiffs and proposed class members, making a class action superior to other forms of adjudication. Plaintiffs each paid tuition of approximately $20,000.00 to defendant under similar inducements from defendant as set forth hereinafter. But for this proposed class action, individual students would not have the means, financial or otherwise, to address their grievances against defendant. Most, if not all, proposed class members live in the Wichita or central Kansas area.

<u>Computer Programming Class</u>

20. Plaintiffs, Aaron Borst, Nathan Cook, James Hadley, Anthony Hays, Carl Jamieson, Tiana Kennedy, Kenneth Lynch, Kenneth Miller, Shannon Pound, Bibi Sananikone, Michael Voth, Scott Ward, and all other similarly situated former students, were enrolled in the computer program course study.

21. These plaintiffs should comprise the Computer Programming Sub Class.

<u>CAD Class</u>

22. Plaintiffs, Jane Wirsig k/n/a Jane Ward and all other similarly situated former students, were enrolled in computer assisted drafting course study.

23. These plaintiffs should comprise the CAD Sub Class.

<u>HVAC Class</u>

24. Plaintiffs, Shawn Calef and all other similarly situated former students, were enrolled in heating, ventilation, air-conditioning and refrigeration course study.

25. These plaintiffs should comprise the HVAC Sub Class

<u>MOA Class</u>

26.   Plaintiffs, Michelle Goselin Campbell, Angela Downey, Rhonda Fowler, and all other similarly situated former students, were enrolled in medical office assistant course study.

27.   These plaintiffs should comprise the MOA Sub Class.

<u>Electrical Mechanic</u>

28.   Plaintiffs, Bryan Hudson, Luis Navarro, Cliff Zollman and all other similarly situated former students, were enrolled in electrical mechanical course study.

29.   These plaintiffs should comprise the Electrical Mechanic Sub Class.

30.   Plaintiffs are qualified to represent their respective classes as the class representatives of the sub classes in this matter.

<u>Count I</u>
(Claim for Breach of Contract)

31.   Plaintiffs incorporate by reference as if fully set forth herein, all statements and allegations contained in paragraphs 1 through 30 above.

32.   In conjunction with the consumer transactions referenced in paragraph 8 above, written Agreements were entered into by the parties. Valid consideration was given for each of these Agreements.

33.   Pursuant to the terms of these Agreements, Vatterott was required to instruct plaintiffs in Vatterott's courses of study. Further, pursuant to the Agreements, defendant was obligated to provide complete programs, and to furnish all teachers, equipment, laboratories, classrooms and other facilities necessary for teaching the courses of study.

34. Vatterott breached the terms of these Agreements by failing to instruct plaintiffs in many components of Vatterott's courses of study; by failing to provide plaintiffs with complete programs; and by failing to provide plaintiffs with competent teachers, equipment, laboratories, classrooms and other facilities necessary for teaching of the course of study for which plaintiffs enrolled.

35. As a result of Vatterott's breaches of the Agreements plaintiffs have sustained damages including out-of-pocket losses.

Count II
(Claim for Declaratory Relief Pursuant to the Kansas Consumer Protection Act)

36. Plaintiffs incorporate by reference as if fully set forth herein, all statements and allegations contained in paragraphs 1 through 35 above.

37. Plaintiffs are "consumers" as defined at K.S.A. 50-624(b).

38. Vatterott is a "supplier" as defined at K.S.A. 50-624(j).

39. Plaintiffs and Vatterott each engaged in a "consumer transaction" as defined at K.S.A. 50-624(c).

40. Vatterott engaged in deceptive acts and/or practices in connection with the consumer transactions referenced above.

41. Vatterott made representations knowingly or with reason to know that the services Vatterott provided had characteristics, uses, benefits or qualities the services, in truth, did not have.

42. Vatterott made representations knowingly or with reason to know that Vatterott had sponsorship, approval, affiliation, accreditation, or connection that, in truth, it did not have, or for which, in truth, it did not qualify.

43. Vatterott made representations knowingly or with reason to know that its services were of a particular standard, quality, or grade when, in truth, they were of a standard, quality, or grade which differed materially from the representation.

44. Vatterott made representations knowingly or with reason to know its services had uses, benefits or characteristics the services did not, in truth, have.

45. Vatterott made representations knowingly or with reason to know the use, benefits or characteristics of its services had been proven or otherwise substantiated when, in truth, they had not.

46. Vatterott willfully used exaggeration, and falsehood regarding some material facts while willfully being ambiguous with regard to others.

47. Vatterott willfully failed to state material facts and/or willfully concealed, suppressed or omitted other material facts regarding the benefits plaintiffs would receive from defendant's services.

48. Vatterott engaged in unconscionable acts and practices in connection with the consumer transaction referenced above, pursuant to K.S.A. 50-627.

49. Vatterott took advantage of the plaintiffs' inability to reasonably protect their interests because of their lack of familiarity with the subject matter of the consumer transaction.

50. Upon information and belief, the educational services provided by defendant were provided to plaintiffs at prices that grossly exceeded the prices at which similar services were readily obtainable from other colleges or universities.

51. Defendant failed to provide plaintiffs with the training or skills necessary to prepare them for even entry-level positions in the areas for which they enrolled, or to

8

otherwise work at jobs in those fields, and consequently failed to provide plaintiffs with any material benefit from the consumer transactions.

52.     Upon information and belief, Vatterott was aware plaintiffs would be unable to receive material benefits from the subject of the consumer transactions, from the time the consumer transactions were entered until the time plaintiffs completed the Vatterott Program.

53.     The transaction Vatterott induced plaintiffs to enter into was excessively one sided in favor of defendant.

54.     Vatterott made misleading statements of opinion upon which plaintiffs were likely rely to their detriment.

55.     As a result of defendant's violations of the Kansas Consumer Protection Act, plaintiffs have each suffered damages including out-of-pocket losses.

56.     As a result of Vatterott's violations of the Kansas Consumer Protection Act as set forth above, plaintiffs are entitled to a declaratory judgment, injunctive and any other appropriate relief, pursuant to K.S.A. 50-634(c), and reasonable attorney fees, pursuant to K.S.A. 50-634(e).

Count III
(Claim for Fraud)

57.     Plaintiffs incorporate by reference as if fully set forth herein, all statements and allegations contained in paragraphs 1 through 56 above.

58.     Vatterott made fraudulent statements and misrepresentations to plaintiffs indicating Vatterott would provide plaintiffs with a complete curriculum.

59. Vatterott made fraudulent statements and misrepresentations to the plaintiffs indicating Vatterott would provide plaintiffs with an educational program, which, upon completion, would enable plaintiffs to work in the fields for which they enrolled.

60. Vatterott made fraudulent statements and misrepresentations indicating Vatterott would provide plaintiff with qualified instructors, and all materials, equipment and facilities necessary for the curriculum for which they enrolled.

61. Vatterott made fraudulent statements and misrepresentations indicating Vatterott would teach plaintiffs the skills necessary to enter the workforce in the fields for which they enrolled.

62. Vatterott made fraudulent statements and misrepresentations regarding job placement and job placement rates in its programs.

63. Each of the representations referenced above was made by Vatterott with the expectation that plaintiffs would rely upon them and consider the statements to be true.

64. Each of the representations referenced above was made by Vatterott with the intention of inducing plaintiffs to enter contracts with Vatterott, or to remain in such contacts and not assert claims for contract breach.

65. Each of the representations referenced above was made by Vatterott with the knowledge that each was false.

66. At the time each of the representations referenced above was made, plaintiffs believed it to be true.

67. Plaintiffs reasonably relied upon the representations made by Vatterott and acted upon them to their detriment. As a result of the fraudulent statements and

misrepresentations made by Vatterott, plaintiffs have suffered damages including out-of-pocket losses.

Count IV
(Claim for Punitive Damages)

68. Plaintiffs incorporate by reference as if fully set forth herein, all statements and allegations contained in paragraphs 1 through 67 above.

69. By virtue of Vatterott's conduct as described above, plaintiffs are entitled to punitive damages.

WHEREFORE, plaintiffs, Carl Jamieson, Kenneth Lynch, Aaron Borst, Shawn Calef, Michelle Goselin Campbell, Nathan Cook, Angela Downey, Rhonda Fowler, James Hadley, Anthony Hays, Bryan Hudson, Tiana Kennedy, Kenneth Miller, Luis E. Navarro, Shannon Pound, Bibi Sananikone, Michael Voth, Scott A. Ward, Jane M. Wirsig k/n/a Jane M. Ward, Cliff Zollman, and all other similarly situated former students, pray for certification of the proposed class as set forth above, pursuant to F. R. Civ. P., Rule 23 and D. Kan. R. 23.1, for judgment against defendant Vatterott Educational Centers, Inc. d/b/a Vatterott College as follows:

A. Compensatory damages in excess of $75,000.00 for defendant's breach of contract;

B. Compensatory damages in excess of $75,000.00 for defendant's fraud and intentional misrepresentation;

C. Declaratory and permanent injunctive relief, enjoining defendant from further violations of the Kansas Consumer Protection Act, K.S.A. 50-623, 50-626 and 50-627;

D. Punitive damages in accordance with K.S.A. 60-3701, *et seq.*;

E. For reasonable attorney's fees pursuant to K.S.A. 50-634(e), and for all other just and proper relief in the premises;

F.      For plaintiffs' court costs and

G.      For all other just and proper relief in the premises.

> REDMOND & NAZAR, L.L.P.
> 245 North Waco Street
> 402 Farm Credit Building
> Wichita, Kansas 67202
> Telephone: (316) 262-8361
> Facsimile: (316) 263-0610
> Cell phone: (316) 371-9586
> e-mail: jhcassell@redmondnazar.com
>
> By:    s/Joseph H. Cassell
>         Joseph H. Cassell #10861
>
> MORRIS, LAING, EVANS
> BROCK & KENNEDY, CHTD.
> 300 N. MEAD, SUITE 200
> WICHITA, KANSAS 67202
> Telephone: (316) 262-2671
> Facsimile: (316) 262-6226
> Cell phone: (316) 651-6517
> e-mail: jjohnson@morrislaing.com
>
> By:    s/John W. Johnson
>         John W. Johnson #07684
>
> Attorneys for plaintiffs

## DEMAND FOR JURY TRIAL

COME NOW, plaintiffs and respectfully request that a jury trial be held on all issues herein so triable.

>    s/Joseph H. Cassell
> Joseph H. Cassell #10861