**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

CARL JAMIESON, KENNETH LYNCH,　　　)
AARON BORST, SHAWN CALEF,　　　　　)
NATHAN COOK, ANGELA DOWNEY,　　　)
RHONDA FOWLER, JAMES HADLEY,　　　)
BRYAN HUDSON, TIANA KENNEDY,　　　)
KENNETH MILLER, LUIS E. NAVARRO,　)
SHANNON POUND, BIBI SANANIKONE,　)
SCOTT A. WARD, JANE M. WIRSIG　　　)
k/n/a JANE M. WARD,CLIFF ZOLLMAN,　)
and all other similarly situated current　　)
and former students,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Civil Action
　　　　　　　　　　　　　　　　　　　)　　Case No. 06-CV-1103-WEB-DWB
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiffs,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
VATTEROTT EDUCATIONAL CENTER, INC.　)
d/b/a VATTEROTT COLLEGE,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　　　　)
　　　　　　　　　　　　　　　　　　　)

## FIRST AMENDED COMPLAINT – CLASS ACTION

COME NOW, Plaintiffs Carl Jamieson, Kenneth Lynch, Aaron Borst, Shawn

Calef, Nathan Cook, Angela Downey, Rhonda Fowler, James Hadley, Bryan Hudson,

Tiana Kennedy, Kenneth Miller, Luis E. Navarro, Shannon Pound, Bibi Sananikone,

Scott A. Ward, Jane M. Wirsig k/n/a Jane M. Ward, Cliff Zollman, and all other similarly

situated current and former students, by their counsel, Joseph H. Cassell of Redmond

& Nazar, L.L.P. and John W. Johnson and Edward L. Robinson of Morris Laing, Evans,

Brock & Kennedy, Chartered, and for their causes of action against defendant Vatterott

Educational Centers, Inc. d/b/a Vatterott College allege and state:

## Jurisdiction and Venue

1.     Plaintiffs are residents of the state of Kansas.

2.     Defendant, Vatterott Educational Centers, Inc., (hereinafter referred to as "Vatterott"), is a for-profit corporation organized and operating under the laws of the State of Missouri, with its principal place of business at 10257 St. Charles Rock Road, St. Ann, MO 63074.  Vatterott is licensed to transact business in the State of Kansas, and in fact transacts business in Wichita, Sedgwick County, Kansas, as "Vatterott College."

3.     Defendant may be served with process through its resident agent, Diana Otis, 3639 N. Comotara, Wichita, Kansas 67226.

4.     This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as complete diversity exists between Plaintiffs and Vatterott and the amount in controversy exceeds $75,000.00.

5.     Venue lies in this district pursuant to 28 U.S.C. § 1391(a)(2), as the acts and omissions giving rise to this suit occurred in Wichita, Sedgwick County, Kansas.

6.     No administrative remedies or other prerequisites to filing suit exist that prevent Plaintiffs from filing suit at this time, and suit has been timely filed within all applicable statutes of limitation.

## Statement of Facts

7.     Defendant Vatterott is an educational institution that provides occupational training in various fields, including computer programming, computer aided drafting (CAD), medical office assistant (MOA), electrical mechanic, and heating, ventilation, air-conditioning and refrigeration (HVAC) courses of study.

2

8.     Plaintiff Carl Jamieson was enrolled in Vatterott's computer programming course of study from October 2003 until December 2004.

9.     Plaintiff Kenneth Lynch was enrolled in Vatterott's computer programming course of study from August 2003 until September 2004.

10.    Plaintiff Aaron Borst was enrolled in Vatterott's computer programming course of study from August 2003 until September 2004.

11.    Plaintiff Shawn Calef was enrolled in Vatterott's HVAC course of study from August 2003 until February 2005.

12.    Plaintiff Nathan Cook was enrolled in Vatterott's computer programming course of study from December 2003 until February 2005.

13.    Plaintiff Angela Downey was enrolled in Vatterott's MOA course of study from June 2003 until July 2004.

14.    Plaintiff Rhonda Fowler was enrolled in Vatterott's MOA course of study from January 2003 until May 2004.

15.    Plaintiff James Hadley was enrolled in Vatterott's computer programming course of study from August 2003 until September 2004.

16.    Plaintiff Bryan Hudson was enrolled in Vatterott's electrical mechanic course of study from December 2004 until January 2006.

17.    Plaintiff Tiana Kennedy

18.    Plaintiff Kenneth Miller was enrolled in Vatterott's computer programming course of study from December 2003 until February 2005.

19.    Plaintiff Luis E. Navarro was enrolled in Vatterott's electrical mechanic course of study from December 2004 until January 2006.

20.     Plaintiff Shannon Pound was enrolled in Vatterott's computer programming course of study from December 2003 until February 2005.

21.     Plaintiff Bibi Sananikone was enrolled in Vatterott's computer programming course of study from December 2003 until February 2005.

22.     Plaintiff Scott A. Ward was enrolled in Vatterott's computer programming course of study from October 2003 until December 2004.

23.     Plaintiff Jane M. Wirsig, k/n/a Jane M. Ward was enrolled in Vatterott's CAD course of study from October 2003 until December 2004.

24.     Plaintiff Cliff Zollman was enrolled in Vatterott's electrical mechanic course of study from February 2005 until April 2006.

25.     Before and during Plaintiff's respective enrollments at Vatterott, agents and employees of Vatterott, including but not limited to admissions representatives, financial aid representatives, career service representatives, and course instructors (hereinafter collectively referred to as "Representatives"), made specific verbal and written representations regarding the type and quality of education Plaintiffs would receive by enrolling in their respective courses of study, including but not limited to representations regarding the completeness of the courses of study, the qualifications and competence of the faculty, the materials and equipment Vatterott would provide as part of the courses of study, the accreditations Vatterott had received for the courses of study, Vatterott's job placement rates, and the type and level of skills Plaintiffs would have upon completion of their respective courses of study, including but not limited to representations that Plaintiffs would receive the necessary training and education to obtain an entry-level position in their chosen field.

26.     Before and during Plaintiff's respective enrollments at Vatterott, Vatterott made specific written representations, delivered through the mails, regarding the type and quality of education Plaintiffs would receive by enrolling in their respective courses of study, including but not limited to representations regarding the completeness of the courses of study, the qualifications and competence of the faculty, the materials and equipment Vatterott would provide as part of the courses of study, the accreditations Vatterott had received for the courses of study, Vatterott's job placement rates, and the type and level of skills Plaintiffs would have upon completion of their respective courses of study, including but not limited to representations that Plaintiffs would receive the necessary training and education to obtain an entry-level position in their chosen field.

27.     In consideration for the payment of tuition and fees of approximately $20,000.00 by each Plaintiff respectively, Vatterott offered and promised to "furnish[] a complete [60-week] program, teachers, equipment, laboratories, classrooms and other facilities necessary for teaching those programs" (See 2001 Revision Enrollment Agreement, attached hereto and incorporated herein as "Exhibit A"; 2003 Revision Enrollment Agreement, attached hereto and incorporated herein as "Exhibit B").

28.     In consideration for, and in reliance upon, the promises and representations made by Vatterott in the Enrollment Agreement, the specific verbal and written representations made by Vatterott and it Representatives, and the specific written representations made by Vatterott that were delivered through the mails, Plaintiffs individually and respectively entered into Enrollment Agreement contracts with Vatterott (*see, e.g.*, Exhibits A and B).

29.     After enrolling and participating in their respective courses of study, Plaintiffs learned that many of the promises made by Vatterott, many of the specific verbal and written representations made by Vatterott and its Representatives, and many of the specific written representations made by Vatterott that were delivered through the mails were false, as the type and quality of education offered by Vatterott was substantially and materially inferior and lacking compared to what had been promised and represented by Vatterott and its Representatives.  Specifically, and upon information and belief, many of the faculty members were not qualified to instruct the courses of study they were in fact instructing; many of the materials and much of the equipment necessary for acquiring necessary skills and completing the courses of study were either broken or not provided; job placement rates were substantially lower than had been represented; the courses of study were not accredited to the extent represented by Vatterott and its Representatives; and the curriculum for the respective courses of study as offered did not provide the level of education necessary to qualify for entry-level employment in the Plantiffs' respective chosen fields.

30.     Upon information and belief, the aforementioned placement rates and accreditation information was based, in whole or part, upon false and fraudulent information prepared and submitted by Vatterott.

31.     Upon completion of their respective courses of study, Plaintiffs had not obtained the education and skills necessary to obtain entry-level employment in their respective fields, and as a result were either denied employment or were offered positions at levels lower than their education otherwise would have merited had they

received the type and quality of instruction promised and represented by Vatterott and its Representatives.

Class Action Allegations

32.     Plaintiffs and all other similarly situated current and former students who were or are enrolled at Vatterott College request that the court certify five sub-classes of Plaintiffs as set forth below, pursuant to Fed. R. Civ. P. 23.  As former students of Vatterott, Plaintiffs are suitable class representatives who, in protecting their interests so common to the proposed class, will necessarily protect those individual interests of proposed class members.

33.     Plaintiffs anticipate that all classes combined could have more than 200 current and former student members, making joinder impracticable.  Plaintiffs will meet the numerousity requirement of Fed. R. Civ. P. 23(a)(1).

34.     The questions of law and fact are common to all class members, even though Plaintiffs were enrolled in five different courses of study.  The deficiencies, misrepresentations, deceptions, contractual breaches and fraudulent acts and/or omissions are common to all members, regardless of their particular class.  Plaintiffs will meet the commonality requirement of Fed. R. Civ. P. 23(a)(2).

35.     The proposed representatives' claims are typical of the claims of all potential members of the five sub-classes.  Plaintiffs' claims will meet the typicality requirement of Fed. R. Civ. P. 23(a)(3).

36.     The proposed representatives and their counsel will fairly and adequately protect the interests of the five sub-classes.  Plaintiffs will meet the fairness and adequacy requirements of Fed. R. Civ. P. 23(a)(4).

7

37.     This proposed class action is maintainable under Fed. R. Civ. P. 23(b)(1)(A), as prosecution of separate actions by individual members would create a risk of inconsistent determinations with respect to class members and incompatible standards of conduct for Vatterott.

38.     This proposed class action is maintainable under Fed. R. Civ. P. 23(b)(2), as Vatterott has failed to act to remedy claims asserted herein, although previously sued for such claims in <u>Cienmy and Jaeckel v. Vatterott Educational Center, Inc. d/b/a Vatterott College</u>, Case No. 04-CV-3531 (Sedgwick County District Court).

39.     This proposed class action is maintainable under Fed. R. Civ. P. 23(b)(3), as common questions of law and fact exist as to Plaintiffs and proposed class members, making a class action superior to other forms of adjudication.  Plaintiffs each paid tuition and fees of approximately $20,000.00 to Vatterott under similar inducements from Vatterott and its Representatives.  But for this proposed class action, individual students would not have the means, financial or otherwise, to address their grievances against Vatterott.  Most, if not all, proposed class members live in the Wichita or central Kansas area.

Computer Programming Sub-Class

40.     Plaintiffs Aaron Borst, Nathan Cook, James Hadley, Carl Jamieson, Tiana Kennedy, Kenneth Lynch, Kenneth Miller, Shannon Pound, Bibi Sananikone, Scott Ward, and all other similarly situated current and former students, were or are enrolled in the computer programming course of study, and should comprise the Computer Programming Sub-Class.

### CAD Sub-Class

41.     Plaintiffs Jane Wirsig k/n/a Jane Ward and all other similarly situated current and former students were or are enrolled in the CAD course of study, and should comprise the CAD Sub-Class.

### HVAC Sub-Class

42.     Plaintiffs Shawn Calef and all other similarly situated current and former students were or are enrolled in the HVAC course of study, and should comprise the HVAC Sub-Class.

### MOA Sub-Class

43.     Plaintiffs Angela Downey, Rhonda Fowler, and all other similarly situated current and former students were or are enrolled in the MOA course of study, and should comprise the MOA Sub-Class.

### Electrical Mechanic Sub-Class

44.     Plaintiffs Bryan Hudson, Luis E. Navarro, Cliff Zollman and all other similarly situated current and former students were or are enrolled in the electrical mechanical course of study, and should comprise the Electrical Mechanic Sub-Class.

45.     Plaintiffs are qualified to represent their respective sub-classes in this matter.

### Count I
(Claim for Breach of Contract)

46.     Plaintiffs incorporate by reference as if fully set forth herein all statements and allegations contained in paragraphs 1 through 45.

47.     Pursuant to the terms of the Enrollment Agreements entered into by Plaintiffs individually and respectively with Vatterott, Vatterott agreed to "instruct

[Plaintiffs] in [their respective] course of study" (Exhibit A, ¶ 1; Exhibit B, ¶ 1), and "assumed the obligation of furnishing a complete program, instructors, equipment, laboratories, classrooms and other facilities necessary for teaching the courses of study" (Exhibit A, ¶ 10; Exhibit B, ¶ 10).

48.     Vatterott breached the terms of the Enrollment Agreements entered into with Plaintiffs individually and respectively by failing to instruct Plaintiffs in material aspects of their respective courses of study; by failing to provide Plaintiffs with complete programs/courses of study; by failing to provide Plaintiffs with competent teachers/instructors; and by failing to provide, equipment, laboratories, classrooms and other facilities necessary for teaching and learning of Plaintiff's respective course of study.

49.     As a result of Vatterott's breaches of the Enrollment Agreements entered into with Plaintiffs individually and respectively, Plaintiffs have sustained damages in excess of $75,000.00, including out-of-pocket losses.

Count II
(Claim for Declaratory Relief Pursuant to the Kansas Consumer Protection Act)

50.     Plaintiffs incorporate by reference as if fully set forth herein all statements and allegations contained in paragraphs 1 through 49.

51.     Plaintiffs are "consumers" as defined at K.S.A. 50-624(b).

52.     Vatterott is a "supplier" as defined at K.S.A. 50-624(j).

53.     The courses of study, instructors, equipment, laboratories, classrooms and other facilities necessary for teaching the courses of study are "services" as defined at K.S.A. 50-624(i).

54.     Plaintiffs, individually and respectively, and Vatterott engaged in "consumer transaction[s]" as defined at K.S.A. 50-624(c).

55.     Vatterott engaged in deceptive acts and/or practices in connection with the individual and respective consumer transactions with Plaintiffs.

56.     Vatterott and its Representatives made representations knowingly or with reason to know that the services Vatterott provided to Plaintiffs had characteristics, uses, or benefits the services did not have.

57.     Vatterott and its Representatives made representations knowingly or with reason to know that Vatterott and/or its services had sponsorships, approval, status, affiliations, accreditations, or connections that Vatterott and/or its services did not have and/or for which they did not qualify.

58.     Vatterott and its Representatives made representations knowingly or with reason to know that its services were of a particular standard, quality, or grade when the services were of a standard, quality, or grade which differed materially from the representations.

59.     Vatterott and its Representatives made representations knowingly or with reason to know its services had uses, benefits or characteristics the services did not have, and neither Vatterott nor its Representatives had any reasonable basis upon which they relied for making said representations.

60.     Vatterott and its Representatives made representations knowingly or with reason to know the use, benefits or characteristics of its services had been proven or otherwise substantiated when they had not, and neither Vatterott nor its

Representatives relied upon or possessed the type and amount of proof or
substantiation represented to exist.

61.    Vatterott and its Representatives, in both oral and written representations,
willfully used exaggeration, falsehood, innuendo, and ambiguity regarding material facts
relating to its services.

62.    Vatterott and its Representatives willfully failed to state material facts
relating to its services.

63.    Vatterott and its Representatives willfully concealed, suppressed and
omitted material facts relating to its services.

64.    Vatterott and its Representatives engaged in unconscionable acts and
practices in connection with the consumer transactions with Plaintiffs, pursuant to
K.S.A. 50-627.

65.    Vatterott took advantage of the Plaintiffs' individual and respective
inabilities to reasonably protect the Plaintiffs' respective interests because of the
Plaintiff's lack of familiarity with the subject matter of the consumer transaction.

66.    Upon information and belief, when Plaintiffs entered into their individual
and respective consumer transactions with Vatterott the tuition and fees for the
respective courses of study grossly exceeded the prices at which similar services were
readily obtainable from other colleges or universities.

67.    Plaintiffs were unable to derive any material benefit from the subject of the
consumer transactions they individually and respectively entered into with Vatterott.

68.    Upon information and belief, Vatterott was aware Plaintiffs would be
unable to receive any material benefit from the subject of the consumer transactions,

from the time the consumer transactions were entered until the time Plaintiffs completed their respective courses of study.

69.   The transactions into which Vatterott individually and respectively induced Plaintiffs were excessively one-sided in favor of Vatterott.

70.   Vatterott made misleading statements of opinion upon which Plaintiffs were likely rely to their detriment.

71.   As a result of Vatterott's violations of the Kansas Consumer Protection Act, Plaintiffs have suffered damages in excess of $75,000.00, including out-of-pocket losses.

72.   As a result of Vatterott's violations of the Kansas Consumer Protection Act as set forth above, Plaintiffs are entitled to a declaratory judgment, injunctive and any other appropriate relief, pursuant to K.S.A. 50-634(c), and reasonable attorney fees, pursuant to K.S.A. 50-634(e).

<u>Count III</u>
(Claim for Fraud)

73.   Plaintiffs incorporate by reference as if fully set forth herein, all statements and allegations contained in paragraphs 1 through 72 above.

74.   Vatterott and its Representatives, both before and during Plaintiffs' enrollment in their respective courses of study, made false representations to Plaintiffs, both verbally and in writing, regarding the type and quality of education Plaintiffs would receive.  These false representations include but are not limited to statements regarding the completeness of Plaintiffs' respective courses of study, the qualifications and competence of the faculty, the materials and equipment Vatterott would provide as part of Plaintiffs' respective courses of study, the accreditations Vatterott had received

for Plaintiffs' respective courses of study, Vatterott's job placement programs and placement rates, and the type and level of skills Plaintiffs would have upon completion of their respective courses of study, such as that Plaintiffs would have the type and level of skill necessary to obtain entry-level employment in their selected fields.

75.    The aforementioned false representations made by Vatterott and its Representatives were made as statements of existing and material fact.

76.    The aforementioned false representations made by Vatterott and its Representatives were known by Vatterott and its Representatives to be false, or were recklessly made without knowledge concerning the veracity of the representations.

77.    The aforementioned false representations made by Vatterott and its Representatives were intentionally made for the purpose of inducing Plaintiffs, individually and respectively, to act upon those representations and enter into Enrollment Agreements with Vatterott.

78.    Plaintiffs reasonably relied and acted upon the aforementioned false representations made by Vatterott and its Representatives.

79.    By relying upon the aforementioned false representations made by Vatterott and its Representatives, Plaintiffs have sustained damages in excess of $75,000.00, including but not limited to out-of-pocket losses.

Count IV
(Claim for Punitive Damages)

80.    Plaintiffs incorporate by reference as if fully set forth herein all statements and allegations contained in paragraphs 1 through 79.

81.    By virtue of Vatterott's conduct as described above, Plaintiffs are entitled to punitive damages.

WHEREFORE, Plaintiffs, Carl Jamieson, Kenneth Lynch, Aaron Borst, Shawn Calef, Nathan Cook, Angela Downey, Rhonda Fowler, James Hadley, Bryan Hudson, Tiana Kennedy, Kenneth Miller, Luis E. Navarro, Shannon Pound, Bibi Sananikone, Scott A. Ward, Jane M. Wirsig k/n/a Jane M. Ward, Cliff Zollman, and all other similarly situated current and former students, pray for certification of the proposed class as set forth above, pursuant to Fed. R. Civ. P. 23 and D. Kan. R. 23.1, for judgment against defendant Vatterott Educational Centers, Inc. d/b/a Vatterott College as follows:

A.   Compensatory damages in excess of $75,000.00 for defendant's breaches of the individual and respective contracts with Plaintiffs;

B.   Compensatory damages in excess of $75,000.00 for defendant's fraud and intentional misrepresentation;

C.   Declaratory and permanent injunctive relief, enjoining defendant from engaging in or committing further violations of the Kansas Consumer Protection Act, K.S.A. 50-623, 50-626 and 50-627;

D.   Punitive damages in accordance with K.S.A. 60-3701, *et seq.*;

E.   For reasonable attorney's fees pursuant to K.S.A. 50-634(e);

F.   For plaintiffs' court costs; and

G.   For all other just and proper relief in the premises.


REDMOND & NAZAR, L.L.P.
245 North Waco Street
402 Farm Credit Building
Wichita, Kansas 67202
Telephone: (316) 262-8361
Facsimile: (316) 263-0610
Cell phone: (316) 371-9586
e-mail: jhcassell@redmondnazar.com

By:    s/Joseph H. Cassell
        Joseph H. Cassell #10861

MORRIS, LAING, EVANS
BROCK & KENNEDY, CHTD.
300 N. MEAD, SUITE 200
WICHITA, KANSAS 67202
Telephone: (316) 262-2671
Facsimile: (316) 262-6226
Cell phone: (316) 651-6517
e-mail: jjohnson@morrislaing.com
e-mail: erobinson@morrislaing.com

By:      s/Edward L. Robinson
John W. Johnson #07684
Edward L. Robinson #22043

Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

COME NOW, Plaintiffs and respectfully request that a jury trial be held on all issues so triable herein.

s/Edward L. Robinson
Edward L. Robinson #22043

16

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of June, 2006, I electronically filed the foregoing First Amended Complaint – Class Action with the Clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Mitchell L. Herren
Amy D. Decker
Jennifer R. Sager
Hinkle Elkouri Law Firm, LLC
2000 Epic Center
301 N. Main Street
Wichita, Kansas 67202
Telephone:  316-267-2000
Fax:  316-264-1556
E-mail:  mherren@hinklaw.com
E-mail:  jsager@hinklaw.com
E-mail:  adecker@hinklaw.com

s/Edward L. Robinson_____
Edward L. Robinson