**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CARL JAMIESON, KENNETH LYNCH, ) <br> AARON BORST, NATHAN COOK, ) <br> RHONDA FOWLER, JAMES HADLEY, ) <br> BRYAN HUDSON, TIANA KENNEDY, ) <br> KENNETH MILLER, SHANNON POUND, ) <br> BIBI SANANIKONE, SCOTT A WARD, ) <br> CLIFF ZOLLMAN, and all other similarly ) <br> situated current and former students, ) <br>   ) <br>     Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> VATTEROTT EDUCATIONAL CENTERS, ) <br> INC. d/b/a/ VATTEROTT COLLEGE, ) <br>   ) <br>     Defendant. ) <br> _____) | Case No. 06-1103-WEB |

**Memorandum and Order**

This matter came before the court on August 21, 2009, for a hearing on a class certification issue. This written memorandum will supplement the court's oral ruling from that hearing. Additionally, the court has before it the plaintiffs' Motion for Reconsideration (Doc. 85).

*Class Certification*.

In its Memorandum and Order of July 15, 2009, the court concluded that plaintiffs' motion to certify a class action should be denied with respect to plaintiffs' breach of contract and fraud claims, because individual issues would predominate over common issues on those claims. With respect to plaintiffs' claim that Vatterott violated the Kansas Consumer Protection Act by charging grossly excessive tuition, however, the court found that common issues would

predominate over individual ones. The court did not determine whether a class action was a superior way of adjudicating the claim, but instead set the matter down to hear from counsel on the issue.

At the August 21, 2009 hearing, the court asked the parties to address whether it would be more appropriate to complete discovery and resolve any summary judgment issues before determining whether the foregoing KCPA claim should be certified. Both parties agreed that this procedure would make practical sense in this case. Accordingly, the court determines that the motion to certify, insofar as it applies to the KCPA claim for excessive tuition, should be deferred until after completion of discovery and dispositive motions.

An additional housekeeping matter was discussed at the hearing. Plaintiffs asserted that the court's rulings would require a modification of their proposed class and subclass definitions. Because KCPA claims are subject to a 3-year statute of limitations (rather than a 5-year period applicable to certain other claims), plaintiffs propose limiting the class definition to the period beginning April 20, 2003, rather than April 20, 2001. Plaintiffs also asserted that because the KCPA claim applies to all students who paid tuition during the relevant period, the class definition should be modified to include such students, instead of limiting it to students who completed or graduated from the course of study in that period. The court agreed that such modifications were appropriate, and directed the plaintiffs to file their amended proposed class definition. The parties may then address the appropriate scope and schedule for discovery with the Magistrate Judge.

*Motion for Reconsideration.*

Plaintiffs filed a motion for reconsideration asking the court to clarify its summary judgment ruling of July 15, 2009. Plaintiffs point out that the court neglected to rule specifically on the breach of contract claims of plaintiffs Aaron Borst, Kenneth Miller, Bryan Hudson, and Rhonda Fowler. Defendant did not file a response to the motion for reconsideration.

*Aaron Borst.* The only relevant uncontroverted fact established with respect to Mr. Borst's claim was his testimony that Ms. Colle would sometimes fail to show up for class, and that she would not have enough of a lesson plan to fill the day. Doc. 83 at p. 18, No. 85. As the court noted in its summary judgment ruling, evidence that students were left without an instructor for a significant period of time will support a claim for breach of contract. Because Mr. Borst's testimony could be construed to support such a finding, defendant's motion for summary judgment is denied with respect to this portion of his claim for breach of contract. The motion is granted insofar as his claim is based assertions that his instructor was not competent or otherwise failed to teach appropriately.

*Kenneth Miller.* The uncontroverted facts with respect to Mr. Miller show that he testified that during one phase he had several temporary instructors. Doc. 83 at p.18. He testified how his classes would frequently begin late and/or end early. *Id.* at 22-23. In his opinion, some of the instructors did not know what they were doing. Mr. Miller would sometimes leave class early because there was no instruction going on. *Id.* at 41. For reasons previously stated by the court, the plaintiffs' claims for breach of contract are precluded insofar as they allege that instructors were incompetent, that their methods of teaching were inadequate, or that they began or ended class at times different than were specified in the Enrollment

Agreement. *See* Doc. 83 at 37-38. Because Mr. Miller's claim is based on such allegations, and because his testimony does not support a claim that he was without an instructor for any significant period of time, the defendant's motion for summary judgment on his breach of contract claim is granted.

*Bryan Hudson*. Although plaintiff Bryan Hudson alleged in the complaint that Vatterott failed to provide him with an instructor for a 2-week period, neither party cited any evidence on summary judgment to confirm or negate this allegation. Vatterott essentially argued that the allegation, even if true, would be insufficient to support a claim. For the reasons previously stated, the court concludes that a reasonable jury could find that the failure to provide an instructor for such a period was a breach of the contract. As to this claim, the court concludes that Vatterott has failed to meet its summary judgment burden. Accordingly, the motion for summary judgment is denied with respect to plaintiff Bryan Hudson's claim for breach of contract.

*Rhonda Fowler*. Plaintiff Rhonda Fowler alleged that no instructor was provided for the first 4 weeks of her 60-week session. Again, neither party cited evidence to confirm or negate this allegation. The court likewise finds that the allegation, if true, could support a claim for breach of contract. Vatterott has failed to meet its burden to show it is entitled to summary judgment on this claim. The motion for summary judgment is denied with respect to plaintiff Rhonda Fowler's claim for breach of contract.

### *Conclusion*.

Defendant's Motion for Class Certification (Doc. 58) with respect to the KCPA claim for excessive tuition is deferred until after discovery and summary judgment issues have been

resolved.

Plaintiff's Motion for Reconsideration (Doc. 85) is GRANTED. In accordance with the prior ruling of the court and the discussion above, defendant Vatterott's Motion for Summary Judgment is GRANTED as to plaintiff Kenneth Miller's claim for breach of contract. The motion for summary judgment is DENIED with respect to the breach of contract claims of plaintiffs Aaron Borst, Bryan Hudson, and Rhonda Fowler, for the reasons stated above.

IT IS SO ORDERED this  21st  Day of August, 2009, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge