HINKLE ELKOURI LAW FIRM L.L.C.
2000 Epic Center
301 North Main
Wichita, Kansas  67202
Telephone: (316) 267-2000
Facsimile:  (316) 264-1556

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARL JAMIESON, KENNETH LYNCH, AARON BORST, NATHAN COOK, RHONDA FOWLER, JAMES HADLEY, BRYAN HUDSON, TIANA KENNEDY, KENNETH MILLER, SHANNON POUND, BIBI SANANIKONE, SCOTT A. WARD, CLIFF ZOLLMAN, and all other similarly situated current and former students,<br>    *Plaintiffs,*<br><br>vs.<br><br>VATTEROTT EDUCATIONAL CENTER, INC., d/b/a VATTEROTT COLLEGE,<br>    *Defendant.* | Civil Action<br>Case No. 06-CV-1103-WEB-KGG |

**MEMORANDUM IN SUPPORT OF VATTEROTT EDUCATIONAL
<u>CENTER, INC.'S SECOND MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to D. Kan. Rule 7.1(a), Defendant Vatterott Educational Center, Inc. ("Vatterott") respectfully submits the following memorandum in support of its Second Motion for Summary Judgment.

## I. INTRODUCTION

For a more complete introduction of the lawsuit, please see doc. 70, Vatterott's memorandum in support of its original motion for summary judgment. By way of brief overview, Plaintiffs are former students of Vatterott's Wichita, Kansas Campus. After graduation from Vatterott, these students filed a complaint and first amended complaint seeking damages for alleged breach of contract, violations of the KCPA, fraud, and punitive

damages. Vatterott filed motions to dismiss (docs. 9 and 13). This Court gave Plaintiffs the opportunity to file an amended complaint that complied with the requirements of Fed. R. Civ. P. 9 (b), and further found some of Plaintiffs' breach of contract claims constituted educational malpractice claims. Since such a cause of action is not recognized under Kansas law, those claims were dismissed (doc. 17). Plaintiffs filed a second amended complaint on March 9, 2007 (doc. 18).

On December 17, 2007, Plaintiffs filed their Motion to Certify Class Action (doc. 58). Vatterott opposed the motion, and filed its motion for summary judgment on March 12, 2008 (doc. 69). This Court ruled on both motions on July 15, 2009 (doc. 82), and by Memorandum and Order filed August 21, 2009 (doc. 91).

In essence, this Court denied the motion to certify a class for all claims other than those alleging violations of the Kansas Consumer Protection Act ("KCPA") for charging excessive tuition. Regarding those particular KCPA allegations, it was decided at a hearing held on August 21, 2009, that a decision regarding class certification should be deferred until after completion of discovery and dispositive motions (doc. 91, p. 2). Plaintiffs have since abandoned their attempt to certify a class. *See* Pretrial Order (doc. 113, p. 5).

This Court in its 2009 orders also granted Vatterott's summary judgment motion in part, and denied it in part. It ruled that some of the requests for summary judgment were premature and should not be considered until after Plaintiffs had a chance to conduct merits discovery on the issues. Discovery is now complete and Vatterott is renewing its request for summary judgment in part.

According to the Pretrial Order (doc. 113), plaintiffs' remaining claims include:

- MISREPRESENTATIONS - That Vatterott had strong connections with local employers such as Koch Industries, Coleman, airline companies, and other local companies that would enhance his/her ability to obtain employment with such companies. Therefore, the companies with which the defendant had ties and connections, such as Koch Industries, Coleman, airline companies, and other local companies were actively seeking Vatterott graduates for open positions. These claims are made by Plaintifffs Borst, Cook, Hadley, Jamieson, Kennedy, Lynch, Miller, Pound, Sananikone, and Ward.

- MISREPRESENTATION – Plaintiff Hudson claims he was told he would receive hands on training with motor controls, none of which he received.

- MISREPRESENTATION – Plaintiff Zollman claims he was told he would receive 80% hands on instruction and that he would receive training in motor controls and commercial electrical functions and tasks, none of which he received.

- MISREPRESENTATION – Plaintiff Fowler claims she was told she would receive certifications in medical coding and medical transcription. It was also represented to her that testing for the certifications would be given at Vatterott. Furthermore, it was misrepresented to plaintiff that upon graduation her starting pay in the career field would be between $12.00 and $15.00 per hour.

- Plaintiffs claim these above, alleged misrepresentations were all violations of K.S.A. §50-623 et seq. (the Kansas Consumer Protection Act, or "KCPA"), constituted fraud, and also justify punitive damages.

- BREACH OF CONTRACT – The enrollment contract with Vatterott provided that Vatterott would provide 60 weeks of instructions with the classes meeting Monday through Thursday. For [two or ten] weeks of the course of study the defendant failed to provide an instructor as promised. This constitutes a material breach of the contract. This claim is made by Plaintiffs Borst, Hadley, Kennedy, Pound, Sananikone, Hudson, Zollman, and Fowler.

*Vatterott seeks summary judgment on all of the alleged misrepresentation claims, and therefore seeks judgment on all of plaintiff's corresponding KCPA, fraud, and punitive damage claims.* Although it denies it breached any contract with plaintiffs, this Court has previously ruled that plaintiffs' claims in this regard are not proper for summary judgment, so summary judgment on the contract claims is not sought again by Vatterott at this time. Vatterott also seeks to clarify the record by seeking summary judgment on a claim Plaintiffs have withdrawn, that of unconscionably excessive tuition as a violation of the KCPA. Finally, Vatterott seeks summary judgment on the grounds that certain of Plaintiffs' claims made pursuant to the KCPA were groundless, thus allowing this Court to award attorney fees to Vatterott.

**II.     STATEMENT OF UNCONTROVERTED FACTS**

Because this motion is filed as a continued request for summary judgment on issues the Court previously stated were premature for ruling, and in an attempt to not unnecessarily burden the Court with duplicative exhibits, Vatterott incorporates by reference the exhibits previously filed in connection with its original memorandum in support of its motion for summary judgment (doc. 70). The index to the exhibits was filed as doc. 70-3, and the

Case 6:06-cv-01103-WEB   Document 116   Filed 09/30/10   Page 5 of 14

IN THE UNTED STATES DISTRICT COURT, FOR THE DISTRICT OF KANSAS, CASE NO. 06-CV-1103-WEB-KGG
*Carl Jamieson, et al vs. Vatterott Educational Center, Inc. d/b/a Vatterott College*
MEMORANDUM IN SUPPORT OF DEFENDANT VATTEROTT EDUCATIONAL CENTER, INC.'S SECOND MOTION FOR SUMMARY JUDGMENT

exhibits themselves as docs. 70-4 through 70-30 (Exhibits A – Z) and docs. 77-2 through 77-8 (Exhibits AA – GG).

The following statements of uncontroverted facts are relevant at this time and are restated almost verbatim from the correspondingly numbered uncontroverted facts paragraphs of Vatterott's original memorandum in support of its original motion for summary judgment (doc. 70) and its reply memorandum in support of its motion for summary judgment (doc.77).

1. Each Plaintiff is a graduate of Vatterott College's Wichita, Kansas campus (*see* Plaintiffs' Diplomas, Exhibit A, doc. 70-4).

2. Prior to the commencement of their coursework at Vatterott, the named Plaintiffs executed Enrollment Agreements on the following dates for the following programs:

- Rhonda Fowler: January 2003, medical office assistant.
- Tiana (Thorp) Kennedy: April 2003, computer programming.
- Aaron Borst: May 2003, computer programming.
- Kenneth Lynch: June 2003, computer programming.
- James Hadley: July 2003, computer programming.
- Carl Jamieson: September 2003, computer programming.
- Nathan Cook: October 2003, computer programming.
- Bibi Sananikone: October 2003, computer programming.
- Scott Ward: October 2003, computer programming.
- Shannon (Joiner) Pound: November 2003, computer programming.
- Kenneth Miller: December 2003, computer programming.
- Bryan Hudson: November 2004, electrical mechanic.
- Cliff Zollman: February 2005, electrical mechanic.

Plaintiffs' Enrollment Agreements are Exhibit B (doc. 70-5), and are the best evidence of the promises and agreements contained therein.

12. Vatterott's catalogs in effect when Plaintiffs enrolled provided that Vatterott reserves the right to make changes in faculty, course content, structure of curriculum, methods of delivery and class schedule as needed (*see* the relevant portions of each Vatterott catalog published and/or in effect between January 2003 and February 2005, Exhibit M, doc. 70-16).

*See also,* Exhibit AA (doc. 77-27), which sets forth the effective dates for each catalog from which pages have been produced as Exhibits to these Summary Judgment memoranda (Otis Aff., Exhibit AA, ¶¶ 9-15, doc. 77-27).

14.     At or about the time of enrollment, each Plaintiff named in this action represented in writing that he or she "received and carefully reviewed" various written documents, including the school's catalog, and that they were not relying on any other promises, representations, or inducements other than those contained in the written documents listed therein (*see* Plaintiffs' Affidavits, Exhibit N, doc. 70-17).

70.     Plaintiff Rhonda Fowler alleged in the Second Amended Complaint that Vatterott informed her she would receive certifications in coding, transcription, CPR and First Aid, and that Vatterott would administer testing for those certifications (*see* Exhibit C, ¶ 127, doc. 70-6).

71.     Ms. Fowler also alleged she was "guaranteed" starting pay in the field would be between $12.00 and $15.00 per hour (*see* Exhibit C, ¶ 127, doc. 70-6).

72.     The Vatterott catalog states only that students will be certified in CPR and First Aid upon completion of the applicable courses. It contains no representation regarding certifications in coding or transcription (*see* Exhibit M, doc. 70-16).

95.     For training at Vatterott, the computer programming Plaintiffs paid (including tuition, books, fees, etc.) $19,672.90, the electrical mechanic Plaintiffs paid $17,971.63, and the medical office assistant Plaintiff paid $20,056.00 (*see* Exhibit B, doc. 70-5).

96.     Wichita Technical Institute offers programs similar to those offered by Vatterott (*see* Barry Mannion Aff. ¶ 2, Exhibit Z, doc. 70-30).

97. Tuition and fees at Wichita Technical Institute total:

- Electronics Technology (72 week program) $24,956.71.
- Computer Electronics Networking Technology: (72 week program): $25,482.05.
- Heating, Air Conditioning and Refrigeration: $23,241.20.
- Medical Assistant (60 week program): $18,422.16.
- Medical Insurance Billing and Coding: $15,718.73.

(*See* Exhibit Z, ¶¶ 3-9, doc. 70-30.)

### III. AUTHORITIES AND ARGUMENTS

### A. Summary Judgment Standard

Summary judgment is proper if the movant demonstrates "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the Court views the "evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party." *Burke v. Utah Transit Auth.*, 462 F.3d 1253, 1258 (10th Cir. 2006) (quoting *Schutz v. Thorne*, 415 F.3d 1128, 1131 (10th Cir. 2005)).

An issue is "genuine" if there is sufficient evidence from which a "rational trier of fact could resolve the issue either way." *Thom v. Bristol-Meyer Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Factual disputes that are irrelevant or unnecessary will not be counted." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002). An issue is "material" if it is essential to the proper disposition of the claim under the applicable substantive law. *Thom,* 353 F.3d at 851 (citing *Anderson*, 477 U.S. at 248).

> The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as

Case 6:06-cv-01103-WEB   Document 116   Filed 09/30/10   Page 8 of 14

IN THE UNTED STATES DISTRICT COURT, FOR THE DISTRICT OF KANSAS, CASE NO. 06-CV-1103-WEB-KGG
*Carl Jamieson, et al vs. Vatterott Educational Center, Inc. d/b/a Vatterott College*
MEMORANDUM IN SUPPORT OF DEFENDANT VATTEROTT EDUCATIONAL CENTER, INC.'S SECOND MOTION FOR SUMMARY JUDGMENT

> a matter of law. In doing so, a movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim. Such a movant may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.
>
> If the movant carries this initial burden, the nonmovant that would bear the burden of persuasion at trial may not simply rest upon its pleadings; the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant.

*Id*. (internal citations omitted).

B.  **Authorities and Arguments Applicable to Plaintiffs' Claims**

   *1. Plaintiffs' Fraud and KCPA claims require a showing of reliance.*

Justifiable reliance by a purported victim is a fundamental element of a successful fraud claim. *See, Bomhoff v. Nelnet Loan Servs., Inc.*, 279 Kan. 415, 421, 109 P.3d 1241 (2005). It is also required in a successful KCPA claim. *Finstad v. Washburn Univ. of Topeka*, 252 Kan. 465, 472 - 473, 845 P.2d 685 (1993).

Where a plaintiff affirmatively represents he or she is not relying on any oral representations relating to a transaction, there can be no proof of reasonable reliance. *See, e.g., Katzenmeier v. Oppenlander,* 39 Kan.App.2d 259, 178 P.3d 66 (2008); *Alires v. McGehee*, 277 Kan. 398, 411 – 412, 85 P.3d 1191 (2004) (even in a claim for fraud in the inducement, the contract language governs whether the buyer's reliance was reasonable); and *McLellan v. Raines*, 36 Kan.App.2d 1, 140 P.3d 1034, 1038 (2006).

Each of the named Plaintiffs represented in writing at or about the time of their enrollment that they were not relying upon any representations other than those contained in the written materials Vatterott provided to them (SOF 14). Some of the Plaintiffs attempt to circumvent this legal reality by claiming they had not received a copy of the catalog before

signing the affidavit. Such an argument could be easily and falsely made by anyone who signed such a document and would render it useless as something the other party could rely upon if the clear language of the agreement is not enforced.

This Court stated in its July 2008 memorandum and order that this issue was premature for ruling since merits discovery was not complete. Now that it is complete, there has been no evidence adduced that changes the evidence that existed at the time of Vatterott's earlier request for summary judgment. Each Plaintiff affirmed in writing that he/she did not rely upon any verbal statements, or anything else outside the scope of the listed items on the affidavits found at Exhibit N (70-17).

Although Vatterott denies that Plaintiffs were not provided with the catalogs at enrollment, there has also been no showing that any Plaintiff did not have the capacity or ability to request a copy of the catalog or any other document they were affirming they had reviewed. Summary judgment is therefore appropriate on all of Plaintiffs' misrepresentation claims based upon alleged, verbal statements that directly conflict with the enrollment affidavits, regardless of whether they are characterized as fraud or KCPA violations. This includes all of Plaintiffs' alleged, oral misrepresentation claims.

> **2.  Since Plaintiffs cannot prevail, as a matter of law on their fraud and KCPA claims, summary judgment is also appropriate on Plaintiffs' punitive damages claims.**

In order to recover punitive damages, Plaintiffs have the burden of proving, by clear and convincing evidence, that Vatterott acted with willful conduct, wanton conduct, fraud, or malice. *Whittenburg v. L.J. Holding Co.*, 830 F.Supp. 557 (D. Kan. 1993) (citing K.S.A. 60-3702(c)). Since summary judgment should be granted on Plaintiffs' fraud or KCPA claims, their punitive damages claims must also fail because punitive damages are not recoverable for

breach of contract. *Smith v. Hawkeye-Security Ins. Co.*, 842 F.Supp. 1373 (D. Kan. 1994) (citing *Equitable Life Leasing Corp. v. Abbick*, 243 Kan. 513, 516, 757 P.2d 304 (1988)).

### 3. *Vatterott's tuition does not "Grossly Exceed" that of other similar service providers.*

Even after being afforded more time by the Court in its July 2008, ruling to conduct more discovery on this issue, Plaintiffs have produced no evidence that Vatterott's tuition "grossly exceeds" that of similar service providers, as required by the KCPA. K.S.A. § 50-267(b)(3). Plaintiffs have abandoned this claim, not listing it in their contentions of the Pretrial Order (doc. 113). Summary judgment is therefore appropriate in order to clarify and complete the record on this claim.

Furthermore, even on the merits it is uncontroverted Vatterott's tuition prices do not "grossly exceed" the tuition prices of its competitors in the area. At Vatterott, the computer programming Plaintiffs paid (including tuition, books, fees, etc.) $19,672.90, the electrical mechanic Plaintiffs paid $17,971.63, and the medical office assistant Plaintiff paid $20,056.00 (SOF 95). Wichita Technical Institute offers programs similar to those offered by Vatterott (SOF 96). Tuition and fees for those programs total:

- Electronics Technology (72 week program): $24,956.71.
- Computer Electronics Networking Technology: (72 week program): $25,482.05.
- Heating, Air Conditioning and Refrigeration: $23,241.20.
- Medical Assistant (60 week program): $18,422.16.
- Medical Insurance Billing and Coding: $15,718.73.

(SOF 97). The costs of the comparable programs at Wichita Technical Institute were approximately the same as those offered at Vatterott. Therefore, it is uncontroverted that Vatterott's tuition prices did not "grossly exceed" that of similar service providers.

IN THE UNTED STATES DISTRICT COURT, FOR THE DISTRICT OF KANSAS, CASE NO. 06-CV-1103-WEB-KGG
*Carl Jamieson, et al vs. Vatterott Educational Center, Inc. d/b/a Vatterott College*
MEMORANDUM IN SUPPORT OF DEFENDANT VATTEROTT EDUCATIONAL CENTER, INC.'S SECOND MOTION FOR SUMMARY JUDGMENT

Accordingly, summary judgment is proper on Plaintiffs' KCPA claims related to Vatterott's tuition rates.

> **4.    *Vatterott is entitled as a matter of law to a determination that certain of Plaintiffs' claims it made in its First and Second Amended Complaints were "groundless", thus entitling Vatterott to its attorney fees pursuant to K.S.A. §50-634 (e).***

In their original and two amended complaints, Plaintiffs made a host of unsubstantiated claims that were not valid under Kansas law. A number of these were alleged as violations of the KCPA, which carries with it the risk to a defendant of ultimately being found liable for a plaintiff's attorney fees if the plaintiff is successful. Fortunately, the KCPA also includes an avenue for the successful defendant to recover some of its fees spent defending groundless KCPA claim. See K.S.A. §50-634 (e).

K.S.A. §50-634(e) provides that "the court may award to the prevailing party a reasonable attorney's fee" if "(1) the consumer complaining of the act or practice that violates this act has brought or maintained an action the consumer knew to be groundless" and "(2) an action under this section has been terminated by a judgment." The allowance of attorney fees is made discretionary with the trial court and is permitted only in an action brought under the quoted section. *Poindexter v. Morse Chevrolet, Inc.*, 282 F. Supp.2d 1232, 1234 (D.Kan. 2003) (citing *Johnson v. Geer Real Estate Co.,* 239 Kan. 324, 332-33, 720 P.2d 660, 667 (1986)).

Vatterott does not seek an award of fees at this time, but only a ruling that portions of Plaintiffs' claims were "groundless," as that term is used in the statute. If summary judgment is granted at this time on the requested claims and the case is not ultimately informally resolved, Vatterott would then later file appropriate motions with this Court after trial seeking appropriate reimbursement for fees expended defending against the groundless KCPA claims.

The following claims meet the criteria for a groundless KCPA claim:

- Alleged "Grossly Excessive" tuition – This allegation, which was a lynchpin of Plaintiffs' attempt to certify a class, was ultimately abandoned by Plaintiffs after they produced no factual basis for the claim. Since the Court deferred ruling earlier on the appropriateness of summary judgment for Vatterott on this issue (doc.83, p. 43), it is now ripe for ruling in Vatterott's favor.

- Alleged misrepresentation by Vatterott representatives that its credits were transferrable to other schools and were the equivalent of 60 college credit hours – After Vatterott went to considerable effort in its motion for summary judgment to point out the transferability of its credits, pointing out, *inter alia*, the clear language regarding transferability of credits and the number of credit hours each Plaintiff possessed in their respective copies of the school catalogs, Plaintiffs abandoned these claims and the Court granted summary judgment to Vatterott (doc. 83, p. 29).

- Alleged false representations concerning job placement assistance by Vatterott – After considerable discussion in depositions, written discovery and briefing, Plaintiffs also totally abandoned these claims, resulting in summary judgment to Vatterott (doc. 83, p. 31).

- Plaintiff Hudson alleged Vatterott misrepresented his school hours would fulfill time requirements for electrician apprenticeship and that one of his sponsors would serve as his sponsor for the journeyman's exam – Again, Plaintiff Hudson abandoned these claims and summary judgment to Vatterott was granted (doc. 83, p. 35).

Case 6:06-cv-01103-WEB   Document 116   Filed 09/30/10   Page 13 of 14

IN THE UNTED STATES DISTRICT COURT, FOR THE DISTRICT OF KANSAS, CASE NO. 06-CV-1103-WEB-KGG
*Carl Jamieson, et al vs. Vatterott Educational Center, Inc. d/b/a Vatterott College*
MEMORANDUM IN SUPPORT OF DEFENDANT VATTEROTT EDUCATIONAL CENTER, INC.'S SECOND MOTION FOR SUMMARY JUDGMENT

- Plaintiff Fowler alleged Vatterott made misrepresentations concerning First Aid and CRP certifications – After summary judgment briefing and depositions, she conceded Vatterott's motion for summary judgment should be granted on those allegations, and it was (doc. 83, p. 36).

- Alleged failure to provide an "entry level education", alleged incompetent instructors and the methods of instruction inadequate, that Plaintiffs would receive training on the "current version" of several computer programs, and that training was insufficient to prepare a student for a journeyman's exam – Such claims were found to be barred by *Finstad*, and this Court granted summary judgment to Vatterott (doc. 83, pp. 27, 28, 35, and 37).

Vatterott expended considerable effort addressing these claims, which had no basis in the KCPA or in fact, which is consistent with Plaintiffs' ultimate abandonment of them. Vatterott requests a finding these claims were groundless, allowing Vatterott the discretion to later apply for a determination of its reasonable attorney fees should the case not resolve informally before trial.

## IV.   CONCLUSION

For the aforementioned reasons, Vatterott requests summary judgment in its favor on all of Plaintiffs' remaining allegations of oral misrepresentation, and respectfully requests a finding that the allegations found to be proper for summary judgment in Vatterott's favor, especially those which were simply abandoned by Plaintiffs, to be "groundless" as that term is used in K.S.A. §50-634(e).

Respectfully Submitted,

By:   s/ Mitchell L. Herren
Mitchell L. Herren
Bar Number 20507
Jennifer R. Johnson
Bar Number 22096
*Attorneys for Vatterott Educational Center, Inc. d/b/a Vatterott College*
Hinkle Elkouri Law Firm L.L.C.
2000 Epic Center
301 North Main Street
Wichita, Kansas 67202
Telephone:   316-267-2000
Facsimile:   316-264-1556
E-mail: mherren@hinklaw.com
E-mail: jjohnson@hinklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2010, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT VATTEROTT EDUCATIONAL CENTER, INC.'S MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Joseph H. Cassell
Redmond & Nazar, L.L.P.
420 Farm Credit Building
245 North Waco Street
Wichita, Kansas 67202
Telephone:   316-262-8361
Facsimile:   316-263-0640
E-mail:   jhcassell@redmondnazar.com

John W. Johnson
Morris, Laing, Evans, Brock & Kennedy, Chtd.
300 North Mead, Suite 200
Wichita, Kansas 67202
Telephone:   316-262-2671
Facsimile:   316-262-6226
E-mail:   jjohnson@morrislaing.com

s/ Mitchell L. Herren